IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| APRIL ROBERTS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SPRUCE MANOR NURSING & | : | NO. 14-CV-4338 |
| REHABILITATION CENTER, et al. | : | |

MEMORANDUM OPINION

Ditter, J.  February 22, 2016

This case comes before me on Defendants' motion that I reconsider my prior order that refused their motion to dismiss and Plaintiff's motion to remand. I am granting their motion and have reconsidered. The result, however, will not be what Defendants want for I will now grant Plaintiff's motion to remand.

A brief review of the facts will be helpful.

Plaintiff, April Roberts, was employed as a nurse at Spruce Manor, a skilled nursing and rehabilitation facility in Reading, Pennsylvania. As a result of an incident that occurred during the course of her employment, she was accused of improperly restraining a resident who was resisting having her blood drawn. Spruce Manor decided to terminate Plaintiff based on an investigation of this incident.

Plaintiff challenged her termination by filing a grievance with her union. During

the grievance proceedings Ms. Roberts and Spruce Manor agreed to part ways and memorialized their agreement by entering into a <u>CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE.</u>   In  essence, this agreement provided that Ms. Roberts would be allowed to resign her employment, the company would make a small payment to her and if contacted by prospective employers, would provide Ms. Roberts with a neutral job reference that set forth only the position she held, rate of pay, and dates of employment.

In turn, Plaintiff agreed not to seek re-employment with the company and released it and the union from any claims she might have against either or both of them.

There is also a  statement that the agreement contains Ms. Roberts' entire agreement and understanding with Spruce Manor and the union.  It is important to note this was not a contract between a labor organization and employer but one between an individual on the one hand and a union and an employer on the other.

All parties signed the agreement in March, 2012.

In December 2013, Regal Heights Healthcare, located in Delaware, hired Ms. Roberts and as part of its hiring process asked for information about her prior employment.

 Acting through one of the individual defendants and under the name, Spruce Manor Nursing & Rehab, Spruce Manor stated it was in the nursing home business, Ms. Roberts was directly involved on a daily or frequent basis providing services and/or care

to clients/patients/residents/children, she had been discharged, counselled (sic), warned, reprimanded, suspended or discharged as a result of reasonably substantiated incidents involving abuse of patients/clients/residents/children, and that she would not be rehired. All this by checking off boxes on a form (called a Service Letter) provided by Regal. Despite Ms. Roberts' efforts to get Spruce Manor to send a corrected Service Letter, for all practical purposes, it did not do so and Regal discharged her.

This suit followed. It was brought in state court. The complaint noted that "Defendants were under contract not to disclose any information to a prospective employer other than giving a neutral reference." *Compl. ¶ 79.* It then charged that Spruce Manor had defamed her by its answers to the Service Letter.[1]

Relying on Section 301 of the Labor-Management Act, 29 U.S.C. 185(a)(§ 301), Defendants removed the case to this court.

Section 301 states:

Suits for violations of contracts between an employer and a labor organization[2] representing employees in an industry affecting commerce may be brought in any District Court of the United States having jurisdiction over the parties.

I refused Plaintiff's motion to remand that followed but concluded that Ms. Roberts could pursue her defamation claim in this court as there was no mechanism for

---

[1] Also named in the complaint are two corporations affiliated with Spruce Manor and two of its employees. Since their interests are all the same, I am including all under the Spruce Manor pennant.

[2] Please note, ". . . between an employer and a labor organization . . .," there is no reference to individual employment contracts.

review available to a former employee.  That conclusion is the basis for Defendants' motion to reconsider or certify for an appeal.  They contend that § 301 provides no subject mater jurisdiction for a defamation claim and that Plaintiff's rights are governed by Spruce Manor's collective bargaining agreement with the union.  I disagree.  After further consideration, I conclude that this case involves enforcement of the Confidential Settlement Agreement.  It does not mention the CBA and an interpretation of the CBA is not required to determine this matter.

At this, point, some law will be helpful.

Federal courts are courts of limited jurisdiction and removal is proper only if the case could have been brought in federal court.  Because jurisdiction is limited, remand is favored where federal jurisdiction is not clear.

From *Lingle v. North Division of Magic Chef, Inc.,* 486 U.S. 399, 108 S. Ct. 1877 (1988):

> [I]f the resolution of a state-law claim depends upon the meaning of a collective bargaining agreement, the application of state law (which might lead to inconsistent results since there could be as many state-law principles as there are States) is pre-empted and federal labor-law principles – necessarily uniform throughout the Nation – must be employed to resolve the dispute." *Id.,* 405-406.
>
> Illinois courts have recognized the tort of retaliatory discharge . . .  Each of these purely factual questions pertains to the conduct of the employee and the motivation of the employer.  Neither of these elements requires a court to interpret any term of a collective bargaining agreement. []Thus, the state-law remedy in this case is "independent" of the collective-bargaining agreement in the sense of "independent" that matters for § 301 preemption purposes: resolution of the state-law claim does not require construing the

> collective-bargaining agreement. *Id.,* 406-407.
>
> [T]he preemptive force of § 301 is so powerful as to displace entirely any state cause of action 'for violation of contracts between an employer and a labor organization. [] Conversely, . . . we held that a state-law complaint brought in state court for breach of *individual* employment contracts was not 'completely pre-empted' by § 301 . . . because § 301 'says nothing about the content or validity of *individual employment* contracts.' *Id*., n. 5.
>
> In sum, we hold that an application of state law is pre-empted by § 301 of the Labor Management Relations Act of 1947 only if such application requires the interpretation of a collective-bargaining agreement.
>
> [T]here is nothing novel about recognizing that substantive rights in the labor relations context can exist without interpreting collective-bargaining agreements.

The Court of Appeals for the Third Circuit has weighed in with additional findings:

If a claim is brought by an individual employee against an employer,§ 301 only applies if the claim also names the employee's union and alleges that it violated a duty of fair representation. *Ames v. Westinghouse Elec. Corp.,* 864 F. 2d 289, 292 (3d Cir. 1988).

The fact that a collective bargaining agreement is part of the context in which Plaintiff's claim must be addressed does not 'trigger complete preemption in the absence of some substantial dispute over the collective bargaining agreement." *Kline v. Sec. Guards, Inc.,* 386 F.3d 246, 257 (3d Cir. 2004). Thus, the LMRA does not pre-empt "state rules that proscribe conduct or establish rights and obligations, independent of a labor contract, nor does the LMRA pre-empt an employee's state suit against his

employer based upon an individual employment contract. *Id.* (citing *Allis-Chalmers v. Lueck,* 471 U.S. 202, 212 (1985)).

In summary, § 301 does not apply for the following reasons:

This is a state suit based upon Plaintiff's individual contract with her employer.

The LMRA says nothing about the content or validity of *individual employment* contracts.

Since the Confidential Settlement Agreement was between Plaintiff on the one hand and the employer and union on the other and not between the union and the employer, it is therefore not a collective bargaining agreement.

A state law claim is pre-empted only if its resolution requires the construing of a collective bargaining agreement. If state law provides a complete remedy for an employee, there is no pre-emption. This matter can be resolved by the application of state law, not by construing the collective bargaining agreement.

Section 301 applies to an individual's suit against an employer only if s/he has also named the union and alleged it violated its duty of fair representation. Ms. Roberts does not contend the union violated its duty of fair representation and has not sued it.[3]

Turning again to Plaintiff's complaint.

It is worthy of note that Plaintiff does not refer to the collective bargaining agreement between her union and Spruce Manor although her grievance procedure no

---

[3] Of course in the Confidential Settlement Agreement she specifically released the union.

doubt followed the CBA's procedures.

In 76 carefully detailed paragraphs she describes the incident at Spruce Manor, her grievance, how it was resolved, the duty imposed on Spruce Manor, her hiring by Regal Heights, and the damaging information provided by Spruce Manor.

In 15 more paragraphs she makes a claim for defamation under Pennsylvania law. While her language sets forth Spruce Manor's duty under the settlement agreement and Spruce Manor's subsequent conduct, Plaintiff does not use the words, breach of contract. Not that it matters – if there was a breach, it was of the settlement agreement and not of the collective bargaining contract between the union and the employer.

Here then we have a complaint that sets forth a state claim for defamation, a remedy with rights and obligations which the state provides.[4]  There is nothing about this complaint that requires an interpretation of a collective bargaining agreement or any aspect of federal law.

I am remanding this matter to the Court of Common Pleas of Berks County.  An appropriate order follows.

---

[4] The merit or lack of merit of Plaintiff's claims is not for me to decide.